(No. 79-CC-0660—

ERNEST M. ADKINS, JR., and MERRY JO ADKINS, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed July 21, 1980.*

ERNEST M. ADKINS, JR., and MERRY JO ADKINS, *pro se,* for Claimants.

POCH, J.

This cause is before the Court on Respondent's motion for summary judgment.

Claimant seeks to recover the sum of $16,472.94 from the State of Illinois Department of Children and Family Services for the replacement of personal belongings damaged and destroyed in a fire in the home of the Claimant's mother while the Claimant's personal articles

were being stored in said home. The loss occurred when the home burned as a result of a fire started by a minor ward of the Department of Children and Family Services who was a foster child in the home of Claimant's mother. The ward had been placed in Claimant's home after she was placed in the custody of the Department of Children and Family Services by the Order of the Juvenile Division of the Circuit Court of Clay County as set forth in the departmental report. In support of its motion for summary judgment the Respondent has cited the case of *Mildred L. Vallery*, 74-CC-378 and attached a copy of the *Vallery* case to its Motion. The *Vallery* case is exactly on point wherein they state as follows:

"At common law, the parent or legal guardian of a minor is not liable for the tortious acts of the minor. However, Illinois has adopted a Parental Responsibility Law, Ch. 70, Ill. Rev. Stat., Paragraphs 51-57, which does impose liability upon a parent or legal guardian for actual damages for the wilful or malicious acts of a minor.

Section 2 of the Parental Responsibility Law, Ch. 70, Ill. Rev. Stat., Section 52, defines 'legal guardian' to be:

'A person appointed guardian or given custody of a minor by a circuit court of the State, but does not include a person appointed guardian, or given custody, of a minor under the Juvenile Court Act; approved August 5, 1965, as now or hereafter amended.'

Since the Department of Children and Family Services was given custody of the minor by a circuit court under the provisions of the Juvenile Court Act, the Department is not subject to the liability imposed by the Parental Responsibility Law and the Department is likewise not liable at common law.

IT IS THEREFORE ORDERED that Respondent's motion for summary judgment be, and hereby is granted."

This Court recognizes the *Vallery* opinion as controlling and it hereby ordered that this case be and the same is hereby dismissed.